1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11 | JUSTIN ROOSMA and ELIZABETH ROOSMA,     CASE NO. 3:16-cv-05499-RJB

12 |            Plaintiff,     ORDER ON (1) DEFENDANT CORRECT CARE SOLUTIONS, LLC'S MOTION TO COMPEL

13 |      v.     DISCOVERY RESPONSES AND FOR A PROTECTIVE ORDER,

14 | PIERCE COUNTY; CORRECT CARE SOLUTIONS, LLC; PAUL PASTOR, PATTI JACKSON-KIDDER, and DOES 1-500,     AND (2) PLAINTIFFS' MOTION FOR EXTENSION OF NOTING DATE ON CCS DEFENDANTS' MOTION TO COMPEL

16 |            Defendants.

17

      THIS MATTER comes before the Court on Defendant Correct Care Solutions, LLC's

18

Motion to Compel Discovery Responses and For a Protective Order and Plaintiffs' Motion for

19

Extension of Noting Date on CCS Defendants' Motion to Compel. Dkts. 45, 48. The Court has

20

considered the parties' submissions and the remainder of the file herein.

21

I.     <u>Plaintiffs' Motion for Extension of Noting Date on CCS Defendants' Motion to Compel</u>

22

      Plaintiffs seek an extension of the deadline for their Response to the underlying motion,

23

Defendant CCS' Motion to Compel. Plaintiffs filed their request for an extension on June 19,

24

2017, the deadline for filing of the Response. Dkt. 48. *See* LCR 7(d). Plaintiffs seek an extension on several grounds, including lead counsel's continuing health conditions, "emergency criminal cases that came up suddenly," and the parties' inability to resolve a discovery issue relating to Defendant CCS' Motion to Compel. Plaintiffs' motion is noted for June 23, 2017, and Plaintiffs filed their Response to the underlying motion on July 3, 2017. Dkt. 57. Plaintiffs request a noting date of July 7, 2017. Dkt. 48 at 2.

Filed on June 28, 2017, Defendant CCS' Response to Plaintiffs' motion objects to an extension because of Plaintiffs counsel's repeated unresponsiveness to discovery requests and because the underlying discovery issues are ready for a decision. Dkt. 51. Defendant CCS also seeks to strike Plaintiffs' Response to the underlying motion as untimely, and in the alternative, to be permitted to file their Reply to the underlying motion. Dkt. 59. The Court, without ruling on Plaintiffs' motion, allowed Defendant CCS to file their Reply. Dkt. 60. *See* Dkt. 61.

The representation by Plaintiffs that several weeks of health issues prevented Plaintiffs from timely completing their Response is a sufficient basis for a two week extension. The discovery cutoff is not until November 6, 2017, and there has been no showing of prejudice to Defendant CCS. Plaintiffs' motion should be granted. Defendant CCS' Motion to Compel should be re-noted for July 7, 2017. The Court can thus now consider both parties' pleadings, which were timely, given the July 7, 2017, noting date.

The Court is aware that courts have addressed Plaintiffs counsel's compliance with deadlines. *See Moba v. Total Transportation Services, Inc.*, No. 3:13-cv-0318, 2014 WL 3050461 (W.D.Wash. 2014). The showing in this case has not reached that threshold. However, if counsel anticipates ongoing, severe medical issues, *see* Dkt. 57 at ¶16 ("[my] recovery . . .

1   requires many medications, not over-working, taking frequent breaks"), counsel may be

2   obligated under RPC 1.16(a) to consider alternative arrangements for his clients.

3          The Court will now turn to the merits of the underlying motion.

4   II.   Defendant CCS' Motion to Compel Discovery Responses and For a Protective Order

5          **A.  Discovery responses.**

6          Defendant CCS takes issue with Plaintiffs' delayed responses to the initial request for

7   discovery, but both sides agree that on April 25, 2017, Plaintiffs responded to the request. *See*

8   Dkt. 58-4. The focus of the Court's analysis, therefore, is on the sufficiency of Plaintiffs'

9   response to each specific discovery request. Plaintiffs' Response to the motion was in

10  generalities and did not directly address each specific discovery request.

11                 *1.  Interrogatories.*

12         Interrogatory No. 2: "Identify any and all persons known to you . . . as having knowledge

13  of the relevant facts . . . including all known contact information for these persons and a brief

14  statement of the information that these persons have or may have. . ."

15         Answer: "In addition to co-Plaintiff, Defendants and the treating and diagnosing medical

16  providers, all jail and CCS officials, involved corrections officers, policy makers, and nursing

17  and medical staff are the following: Elizabeth Roosma (originally Bentley) [Mr. Roosma's] wife

18  and co-Plaintiff). Leann Rossi . . . Mother to Elizabeth Roosma. Jennifer Wiseman . . . Close

19  family friend. They know of my previous business and success, my restless leg syndrome and

20  my prescribed treatment by medication . . . and my injuries and how they affected me[.]"

21         Discussion: Defendant CCS opines that "Plaintiff listed only a couple of family members

22  and a friend (ie. no healthcare providers, jail and CCS officials. . .)." Dkt. 45 at 11. Defendant

23  CCS, which operated the jail facility where the incident occurred, is in a better position to

24

ORDER ON (1) DEFENDANT CORRECT CARE SOLUTIONS, LLC'S MOTION TO COMPEL DISCOVERY
RESPONSES AND FOR A PROTECTIVE ORDER, AND (2) PLAINTIFFS' MOTION FOR EXTENSION OF
NOTING DATE ON CCS DEFENDANTS' MOTION TO COMPEL - 3

1    disclose the names of employees who may have had contact with Mr. Roosma. Nonetheless,

2    Plaintiffs' answer to this interrogatory appears incomplete; Mr. Roosma and his counsel should

3    know of some medical providers or jail staffers. Plaintiffs should take a diligent look at this

4    interrogatory. The motion to compel is granted as to this interrogatory. Plaintiffs shall provide a

5    supplemental answer by Monday, July 24, 2017.

6        Interrogatory No. 5: "List your jobs or occupations, the names and addresses of your

7    employers, and the nature and dates of employment over the past twenty years. . ."

8        Answer: "Plaintiff objects . . . overbroad and unduly burdensome. . . 2010 or 2011 until

9    2014—I was self-employed at JD Auto Repair . . . 2006-2014 Plaintiff received SSI for

10   disability."

11       Discussion: Defendant CCS takes issue with the answer because Plaintiffs listed only

12   four years of employment and did not indicate whether he was unemployed while receiving SSI

13   benefits. Dkt. 45 at 11. The Court agrees. Plaintiffs should provide a detailed, sequential list of

14   Mr. Roosma's employment history for the last twenty years. When unemployed, Plaintiffs

15   should so indicate. The motion to compel is granted as to this interrogatory. Plaintiffs shall

16   provide a supplemental answer by Monday, July 24, 2017.

17       Interrogatory No. 8: "Set forth with particularity each and every element of damages . . .

18   [caused] by CCS, including special and general damages, if any, setting forth the specific

19   categories of damages, amount of damage for each alleged category, and the analysis used by

20   you to compute the damages."

21       Answer: "Specials: Medical expenses that will have to be paid back to Medicare/

22   Medicaid in an amount to be determined . . . lost income at $11,000 per month. Generals:

23

24

ORDER ON (1) DEFENDANT CORRECT CARE SOLUTIONS, LLC'S MOTION TO COMPEL DISCOVERY
RESPONSES AND FOR A PROTECTIVE ORDER, AND (2) PLAINTIFFS' MOTION FOR EXTENSION OF
NOTING DATE ON CCS DEFENDANTS' MOTION TO COMPEL - 4

1  immense pain and suffering, humiliation at being unable to work . . . nightmares, loss of sleep,

2  severe strain on marriage, PTSD . . . resulting in daily trauma."

3      Discussion: According to Defendant CCS, the answer is deficient because it does not

4  provide any description of medical treatment or an amount of money sought to be recovered.

5  Dkt. 45 at 11. Defendant CCS also takes issue with the lack of production. *See* RFP 3 below.

6  Notwithstanding the fact that an expert for Plaintiffs could change Plaintiffs' answer to this

7  interrogatory, Plaintiffs should provide a more complete answer regarding special damages.

8  Given the degree to which general damages may vary, Plaintiffs need not answer with a number

9  as to general damages. However, at a minimum, Plaintiffs should give Defendant CCS an

10  estimate of total medical expenses and total loss of income to date, and should explain how the

11  $11,000 per month income loss was computed. To that extent, the motion to compel is granted as

12  to this interrogatory. Plaintiffs shall provide a supplemental answer by Monday, July 24, 2017.

### *2. Requests for Production.*

14      Request for Production No. 1: "Please produce copies of every document pertaining to

15  and/or supporting your claims as set forth in your answer to the preceding interrogatory [about

16  income from sources other than wages or salaries for the last twenty years]."

17      Plaintiffs' Response: "Plaintiff will produce the Award Letter covering the period of

18  January 2017 to December 2018. Plaintiff will request other Award letters going back in time.

19  Plaintiff has already produced bank statements verifying his income."

20      Discussion: Defendant CCS opines that Plaintiffs have not sufficiently responded to this

21  RFP because they only provided limited, partial bank statements, and they have not provided

22  other discovery to supplement the initial response. Dkt. 45 at 10. The Court takes Plaintiffs at

23  their word that they have already requested prior "Award letters," which presumably relate to

24

ORDER ON (1) DEFENDANT CORRECT CARE SOLUTIONS, LLC'S MOTION TO COMPEL DISCOVERY
RESPONSES AND FOR A PROTECTIVE ORDER, AND (2) PLAINTIFFS' MOTION FOR EXTENSION OF
NOTING DATE ON CCS DEFENDANTS' MOTION TO COMPEL - 5

1   SSI benefits. Plaintiffs, however, have not provided any explanation as to why they have not

2   supplemented their produced discovery to date, so the discovery should be compelled. Plaintiffs

3   should also produce Mr. Roosma's complete bank records for at least the last ten years.

4   (Plaintiffs may, as always, seek relief by a motion for a protective order and/or redact as

5   allowable under the rules.) The motion to compel is granted as to this request for production.

6   Plaintiffs shall produce supplemental discovery by Monday, July 24, 2017[1].

7        <u>Request for Production No. 2</u>: "Please produce copies of all Federal Income Tax Returns

8   . . . for the calendar years 2004 up through the present time . . . [and] all supporting documents."

9        <u>Plaintiffs' Response</u>: "Plaintiff will request tax returns from the IRS. The box of tax

10  filings and supporting documents was lost in the move between Spokane and Lakewood, WA, in

11  2016."

12       <u>Discussion</u>: Defendant CCS represents that to date they have not received tax returns.

13  Dkt. 45 at 10. Other than the fact that the tax "box . . . was lost in the move. . . in 2016," it is

14  unclear whether Plaintiffs or their counsel lost said box, and Plaintiffs provide no explanation of

15  why they have not been able to since supplement their initial production with this discovery. Dkt.

16  58-4 at 7. *See* Dkt. 57. The Court takes Plaintiffs at their word—that they have requested tax

17  returns from the IRS. To the extent they have not already done so, the motion to compel is

18  granted as to this request for production. Plaintiffs shall produce supplemental discovery by

19  Monday, July 24, 2017.

20

21

22  [1] To the extent that compelled discovery cannot be produced by July 24, 2017, because the
    discovery is in the control of a third party, e.g., the IRS (tax returns) or SSA (SSI benefits),
23  Plaintiffs need not seek relief from the deadline. Plaintiffs should strongly consider signing
    waivers to more easily allow Defendant CCS to obtain discovery from third parties.

24

1    <u>Request for Production No. 3</u>: "Please produce copies of every document pertaining to

2    and/or supporting your claims as set forth in your answer to the preceding interrogatory [about

3    the damages you seek, including special and general damages, the amount of damage, and the

4    analysis used to compute damages]."

5        <u>Plaintiffs' Response</u>: [Blank]

6        <u>Discussion</u>: Defendant CCS opines that Plaintiffs left this RFP blank and have not

7    supplemented their response with employment records, paychecks, or other similar documents.

8    Dkt. 45 at 10. Plaintiffs provide no explanation for the delay in producing this discovery. The

9    motion to compel is granted as to this request for production. Plaintiffs shall produce responsive

10   discovery, including discovery relating to include medical expenses and wages, *see* ROG 8

11   above, by Monday, July 24, 2017.

12       <u>Request for Production No. 5</u>: "Please produce copies of each document supporting any

13   claim by you for out of pocket expenses or medical expenses allegedly paid as a result of your

14   claims in this lawsuit."

15       <u>Plaintiffs' Response</u>: "Plaintiff did not have to pay out of pocket for his medical.

16   However, Medicare/Medicaid paid and will have a lien in an amount to be determined during the

17   course of this litigation."

18       <u>Discussion</u>: According to Defendant CCS, Plaintiffs have not produced any discovery

19   responsive to this RFP. Dkt. 45 at 10. To the extent that medical bills are under Plaintiffs'

20   control, the motion to compel is granted as to this request for production. Plaintiffs shall produce

21   supplemental discovery by Monday, July 24, 2017.

22       <u>Request for Production No. 10</u>: "Please produce copies of every document pertaining to

23   and/or supporting your claims as set forth in your answer to the preceding interrogatory [ROG

24

ORDER ON (1) DEFENDANT CORRECT CARE SOLUTIONS, LLC'S MOTION TO COMPEL DISCOVERY
RESPONSES AND FOR A PROTECTIVE ORDER, AND (2) PLAINTIFFS' MOTION FOR EXTENSION OF
NOTING DATE ON CCS DEFENDANTS' MOTION TO COMPEL - 7

1   20, about the substantial number of allegations and investigations around the country against

2   Defendant CCS]."

3          Plaintiffs' Response: "Plaintiff objects to this RFP as unduly burdensome and involving

4   documents that are far more readily accessible to Defendants than to Plaintiffs . . . Plaintiffs will

5   gather all available documents as they are available over time."

6          Discussion: Defendant CCS opines that Plaintiff has not yet produced promised

7   discovery documenting the SSI disability between 2006-2014. Dkt. 45 at 10, 11. However, RFP

8   No. 10 does not relate to SSI benefits. *See* Dkt. 58-4 at 23. Based on the format of Defendant

9   CCS' discovery request, it appears that Defendant CCS may have neglected to request for

10  production documents relating to ROG 19, which pertains to SSI benefits but has no

11  corresponding request for production. *See id*. at 17, 18.  The motion to compel is denied as to this

12  request for production.

13         **B.  Protective order.**

14         Defendant CCS' proposed protective order "protects as confidential certain categories of

15  information regarding such things as personal identifiers, medical, and financial information of

16  nonparty employee files . . . company policies and procedures . . . and company software used by

17  Defendants." Dkt. 45 at 12. Construed generously, the proposed protective order appears to be an

18  attempt to preemptively solve discovery issues for both parties. Viewed more narrowly, the

19  proposed protective order would protect Defendant CCS from producing certain types of

20  discovery. However, there is no showing that Defendant CCS needs relief from a specific

21  discovery request, so ordering said protection is not warranted. The motion for a protective order

22  is denied without prejudice.

23         **C.  Attorneys Fees.**

24

ORDER ON (1) DEFENDANT CORRECT CARE SOLUTIONS, LLC'S MOTION TO COMPEL DISCOVERY
RESPONSES AND FOR A PROTECTIVE ORDER, AND (2) PLAINTIFFS' MOTION FOR EXTENSION OF
NOTING DATE ON CCS DEFENDANTS' MOTION TO COMPEL - 8

1    Because the Court has compelled some discovery, awarding attorneys fees would be

2    permitted under the rules, but they are not warranted at this time. Plaintiff has made some efforts

3    to provide discovery, and given Plaintiff counsel's health concerns, awarding fees would not

4    serve the ends of justice. Should counsel fail to make diligent efforts in the future, the Court may

5    reconsider the issue. The request for attorneys fees is denied.

6                                            * *

7    Although the exchange of discovery is a dynamic process that includes attorneys'

8    ongoing duty to supplement discovery, Plaintiffs' initial discovery efforts were meager. Not

9    producing discovery because counsel could not agree to the terms of a protective order detracted

10    from counsel's general discovery obligations. Although it is, perhaps, unfortunate that the parties

11    did not agree on terms of a protective order, agreeing on such terms is not the only way to

12    conduct discovery. Where a legitimate discovery request has been made, counsel should timely

13    respond with diligent, complete responses, but may, where appropriate, seek court intervention

14    by a protective order or order to seal.

15    Granting relief by protective order without considering the merits of an underlying

16    discovery request is premature.

17                                          * * *

18    THEREFORE, Defendant Correct Care Solutions, LLC's Motion to Compel Discovery

19    Responses and For a Protective Order (Dkt. 45) is GRANTED IN PART and DENIED IN PART

20    consistent with this Order.

21    Plaintiffs' Motion for Extension of Noting Date on CCS Defendants' Motion to Compel

22    (Dkt. 48) is GRANTED. The Court has considered Plaintiffs' Response. Dkt. 57.

23

24

ORDER ON (1) DEFENDANT CORRECT CARE SOLUTIONS, LLC'S MOTION TO COMPEL DISCOVERY
RESPONSES AND FOR A PROTECTIVE ORDER, AND (2) PLAINTIFFS' MOTION FOR EXTENSION OF
NOTING DATE ON CCS DEFENDANTS' MOTION TO COMPEL - 9

1    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

2  to any party appearing pro se at said party's last known address.

3    Dated this 14th day of July, 2017.

4

5

6  ROBERT J. BRYAN
   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON (1) DEFENDANT CORRECT CARE SOLUTIONS, LLC'S MOTION TO COMPEL DISCOVERY
RESPONSES AND FOR A PROTECTIVE ORDER, AND (2) PLAINTIFFS' MOTION FOR EXTENSION OF
NOTING DATE ON CCS DEFENDANTS' MOTION TO COMPEL - 10