# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| JUSTIN ROOSMA and ELIZABETH ROOSMA,<br><br>            Plaintiff,<br>v.<br><br>PIERCE COUNTY; CORRECT CARE SOLUTIONS, LLC; PAUL PASTOR, PATTI JACKSON-KIDDER, and DOES 1-500,<br><br>            Defendants. | CASE NO. 3:16-cv-05499-RJB<br><br>ORDER ON PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY CUTOFF |

THIS MATTER comes before the Court on Plaintiffs' Motion for Extension of Discovery Cutoff. Dkt. 70. The Court has considered the parties' submissions and the remainder of the file herein. Plaintiffs did not file a Reply.

Plaintiffs seek an extension of the discovery and expert witness deadlines by 90 days.

I.     BACKGROUND

    **A. Procedural background.**

ORDER ON PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY CUTOFF - 1

Plaintiffs filed the Complaint on June 17, 2016. Dkt. 1. The Court issued an initial Case Schedule, which set trial for September 5, 2017. Dkt. 24. The parties stipulated to a six month trial continuance, and the Court issued a second Case Schedule. Dkts. 35, 38, 39. The stipulation stated that Plaintiffs' counsel, Lawrence Hildes, "suffered congestive heart failure and currently unable to proceed in prosecution of this case." Dkt. 35 at 2. The second (and current) Case Schedule, issued on March 6, 2017, sets out the following deadlines, *inter alia*:

| | |
|---|---|
| Expert witness disclosure/reports under Fed. R. Civ. P. 26(a) | 9/6/2017 |
| Discovery motions | 10/16/2017 |
| Discovery completed | 11/6/2017 |
| Dispositive motions | 12/5/2017 |
| Jury trial | 3/5/2018 |

Dkt. 39.

On June 8, 2017, Defendant CCS filed a Motion to Compel Discovery Responses. Dkt. 45. On June 19, 2017, Mr. Hildes responded to the motion by seeking a 21 day extension on the basis that his health issues had prevented a timely response. Dkt. 48. The Court gave Mr. Hildes an additional two weeks to respond, but noted that "if counsel anticipates ongoing, several medical issues . . . counsel may be obligated under RPC 1.16(a) to consider alternative arrangements for his clients. Dkt. 62 at 3. *See* Dkt. 57 at ¶16 ("[my] recovery . . . requires many medications, not over-working, taking frequent breaks[.]"). The Court characterized Plaintiffs' initial discovery responses as "meager" and granted Defendant CCS' motion to compel in part. Dkt. 62 at 9, 10. The Court declined to sanction Mr. Hildes, but acknowledged that other courts have previously addressed Mr. Hildes' non-compliance with deadlines. *Id.* at 3, citing to *Moba v.*

*Total Transportation Services, Inc.*, No. 3:13-cv-0318, 2014 WL 3050461 (W.D.Wash. 2014). The Order was issued on July 14, 2017. *Id*.

Mr. Hildes filed a Notice of Unavailability on July 3, 2017, stating his intent to take a "brief vacation" on July 4-11, 2017, "to recover from exhaustion as part of . . . ongoing recovery from congestive heart failure." Dkt. 56 at 1. Mr. Hildes also noted unavailability from July 23, 2017 to August 29, 2017 as follows:

> [C]ounsel . . . will be traveling first to North Dakota for a hearing, on to Washington D.C. for a conference, to New York to see elderly relatives, onto Acadia National Park for five days of recovery, on to Independence, MO to see the eclipse, and finally to Minnesota to visit his wife's mother, who is about 90 . . . before returning home [*sic*].

*Id*. at 1, 2.

On September 6, 2017, the expert witness deadline, Defendant CCS disclosed two expert witnesses. Dkt. 64. Plaintiffs have not yet disclosed any expert witnesses.

Plaintiffs filed the present motion on October 31, 2017. Dkt. 70. Plaintiffs are represented by two attorneys, Mr. Hildes and Gregory Smith, who are both solo practitioners. Mr. Smith primarily practices criminal law and has over thirty years of experience.

### B. Motion presented.

Plaintiffs' motion seeks to extend discovery and expert witness deadlines by 90 days, but Plaintiffs "would accept a lessor period of time if the court believes such to be reasonable." Dkt. 70 at 3. Plaintiffs represent that they "have yet to receive anything approaching full responses" to their discovery requests, but that Defendant Pierce County has agreed to provide discovery by November 1, 2017. Dkt. 70 at 1, 2. This discovery, Plaintiffs maintain, is "crucial" to Plaintiffs' ability to "take informed depositions, formulate discovery requests, and obtain experts[.]" *Id*. Further, Plaintiffs opine, due to Mr. Hildes' congestive heart failure in February, Mr. Hildes has had "symptoms that have requited [*sic*] trips to the emergency room and rest at home," and he

needs "substantial additional time and a reasonable accommodation to complete tasks due to the health issues." *Id.* at 3. Plaintiffs have relied on co-counsel, Mr. Smith, only to assist with defending the deposition of Plaintiff Elizabeth Roosma. *Id.*

Attached to Plaintiffs' motion, the Declaration of Mr. Hildes incorporates the following documents: Plaintiffs' First Discovery Request to Defendant CCS, sent on May 12, 2017 (Dkt. 71-1); Defendant CCS' Objections to said discovery request, sent on June 16, 2017 (Dkt. 72-2); Defendants CCS' supplemental Objections to the same discovery request, sent October 16, 2017 (Dkt. 72-3); a letter from Mr. Hildes to counsel for Defendant CCS regarding the insufficiency of Defendant CCS' discovery responses, sent on September 13, 2017 (71-4); and Plaintiffs' First Discovery Request to Defendant Pierce County, sent on September 13, 2017 (Dkt. 71-5). The Declaration of Mr. Hildes represents that as of October 31, 2017, Plaintiffs "have not received a single actual answer to an interrogatory or a single document" and that Plaintiffs "granted" a two week extension of Defendant Pierce County's response to the September 13, 2017 discovery requests, to November 1, 2017. Dkt. 71 at 2, 3.

Defendant CCS points out that both defendants have provided "most all of the key primary documents" on an ongoing basis for more than a year, including jail records and medical records, and to the extent that discovery was inadequate, Plaintiffs could have—but failed to—move to compel. Dkt. 72 at 2-4. Per Defendant CCS, Plaintiffs should not be permitted to extend discovery under circumstances where Plaintiffs have two attorneys, Mr. Hildes and Mr. Smith, and Mr. Smith has been practicing law for over thirty years and, at a minimum, could take instruction from or work with the oversight of Mr. Hildes. *Id.* at 5. Defendant CCS relies on differing standards applicable to elapsed versus future deadlines, arguing that the good faith

standard applies to the discovery deadline, whereas an excusable neglect standard applies to the expert witness deadline. *Id*.

Defendant Pierce County joins Defendant CCS' in its responses and supplements its response by adding several arguments: first, Plaintiffs have failed to identify specific discovery actions that were not conducted but needed to be; second, Plaintiffs have failed to identify a specific reason why their discovery motion was delayed; third, Defendant CCS is prejudiced, because it completed its discovery within the deadline, and the trial date has already once been continued; and finally, if the Court is inclined to allow further discovery, Plaintiffs should bear all costs, including attorneys fees. Dkt. 74 at 1-4.

II.  STANDARD ON DISCOVERY MOTION

Under Rule 16(b), scheduling orders "may be modified only for good cause and with the judge's consent." Red. R. Civ. P. 16(b)(4). "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." W.D.Wash. LCR 16(b)(5). Rule 16(b) "primarily considers the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2 604, 609 (9th Cir. 1992). Although "prejudice to the party opposing the modification [of a scheduling order] might supply additional reasons to deny a motion, the focus . . . is upon the moving party's reasons for seeking modification." *Id*.

When parties seek to extend a deadline after a deadline has elapsed, an excusable neglect standard applies. *See* Fed. R. Civ. P. 6(b). Rule 6 provides:

> (1) In General. When an act may or must be done within a specified time, the court may, for good cause extend the time:
>     A. [ ] if a request is made, before the original time or its extension expires; or
>     B. On motion made after the time has expired if the party failed to act because of excusable neglect.

ORDER ON PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY CUTOFF - 5

Fed. R. Civ. P. 6(b). Whether a litigant has established excusable neglect is entrusted to the court's discretion, considering (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party acted in good faith. *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004).

III. DISCUSSION

**A. Discovery deadline.**

Plaintiffs have not shown exemplary diligence, although it is apparent that Plaintiffs have made some efforts to conduct discovery. For example, Plaintiffs made an initial discovery request to Defendant CCS in July of 2017, yet Plaintiffs did not make a similar request to Defendant Pierce County until September 13, 2017, despite the fact that the November 6, 2017 discovery deadline was set by the Court on March 6, 2017. Plaintiffs now request the chance to conduct additional discovery predicated on Plaintiffs having the chance to review responses to their September 13, 2017 discovery, but Plaintiffs have not made a specific showing about what discovery remains. Nor have Plaintiffs shown the need for an additional ninety (90) days, especially where Plaintiffs, without explanation, waited so late to initiate basic discovery as to Defendant Pierce County. Plaintiffs may—or may not—have need to conduct legitimate discovery, but Plaintiffs' showing here is threadbare. Particularly where Plaintiffs overlooked obvious discovery, e.g., the fact that Defendant CCS did respond to their interrogatories, Plaintiffs are not to be afforded the benefit of any doubt about what could be accomplished by extending discovery for ninety days.

Nonetheless, given that Plaintiffs served initial discovery requests on the defendants, it is apparent that Plaintiffs have made some efforts to conduct discovery. Plaintiffs should be given

additional, but limited, time for discovery. Plaintiffs may conduct discovery until **December 15, 2017**, and to that extent, Plaintiffs' motion should be granted.

**B. Expert witness deadline.**

While Plaintiffs' diligence in conducting discovery is an arguable question, Plaintiffs' diligence in observing the expert witness deadline is not. Plaintiffs have made no effort to provide a reason for their failure to observe the expert witness deadline. Plaintiffs perhaps could point generally to Mr. Hildes' ongoing health problems, but that does not explain why Plaintiffs could not have observed the expert witness deadline, where Mr. Hildes' completed a month-long, country-wide vacation on August 29, 2017 and the expert witness deadline elapsed on September 6, 2017. At a minimum, it would appear that Plaintiffs could have—but did not—file a motion for extension prior to the deadline. The defendants timely disclosed their experts, yet Plaintiffs waited nearly two months before requesting an extension. Plaintiffs have offered no explanation for this delay. The Court cannot find that Plaintiffs have acted in good faith. Plaintiffs have not shown excusable neglect justifying an extension of the expert witness deadline.

The request to extend the expert witness deadline should be denied.

**C. Trial date and other deadlines.**

This Order does not modify any other remaining deadlines. The parties are expected to be prepared for trial on March 5, 2018. Absent unanticipated circumstances, if Mr. Hildes' is unable to appear at trial due to complications from ongoing health problems, Mr. Smith, or other associated co-counsel, is expected to appear and be prepared for trial.

\* \* \*

THEREFORE, it is HEREBY ORDERED that Plaintiffs' Motion for Extension of Discovery Cutoff (Dkt. 70) is GRANTED IN PART.

The Case Schedule (Dkt. 39) is amended <u>only</u> as to the discovery and dispositive motions deadlines, which are modified to the following:

    Discovery completed                                        Fri., Dec. 15, 2017

    Dispositive motions                                           Thurs., Jan. 4, 2018

Plaintiffs' motion is OTHERWISE DENIED, including the request to extend the expert witness deadline.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 16th day of November, 2017.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge

ORDER ON PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY CUTOFF - 8